UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| Appeal Number | 23-1143 |
|---|---|
| Case Name | *Eaves v. Polis, et al.* |
| Party or Parties Filing Notice of Appeal Or Petition | Governor Jared Polis |
| Appellee(s) or Respondent(s) | Rodney Douglas Eaves |
| List all prior or related appeals in this court with appropriate citation(s). | None |

**I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

    **A.     APPEAL FROM DISTRICT COURT**

        **1.**     Date final judgment or order to be reviewed was **entered** on the district court docket:      March 30, 2023

        **2.**     Date notice of appeal was **filed**:     April 28, 2023

        **3.**     State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority):     30 days (Fed. R. App. P. 4(a)(1)(A))

            **a.**     Was the United States or an officer or an agency of the United States a party below?     No

            **b.**     Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal:     No

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   None

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

   N/A

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291.  No

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   No

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)?  No

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable?   The collateral order doctrine. This appeal solely seeks review of the district court's order denying the Governor Eleventh Amendment immunity. "A denial of Eleventh Amendment immunity is immediately appealable under the collateral order doctrine." *Couser v. Gay*, 959 F.3d 1018, 1022 n.2 (10th Cir. 2020).

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   N/A

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold*

*Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals).   N/A

**B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    **1.**    Date of the order to be reviewed: _____

    **2.**    Date petition for review was filed: _____

    **3.**    Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

    **4.**    Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**C.** **APPEAL OF TAX COURT DECISION**

    **1.**    Date of entry of decision appealed: _____

    **2.**    Date notice of appeal was filed: _____
(If notice was filed by mail, attach proof of postmark.)

    **3.**    State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

    **4.**    Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

II. **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

    A. Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? _____

    B. If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    C. Describe the sentence imposed. _____
_____

    D. Was the sentence imposed after a plea of guilty? _____

    E. If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____

    F. Is the defendant on probation or at liberty pending appeal? _____

    G. If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____

    **NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

**III.   GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.**

Plaintiff Eaves is an inmate incarcerated in the Colorado Department of Corrections ("CDOC"). He has brought suit against the Governor, CDOC officials, and employees of the private company that runs the private prison at which he is housed. He generally alleges that defendants have burdened his exercise of his religion, in violation of 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc.

As relevant to this appeal, the Governor moved to dismiss on the grounds that he is immune from Eaves' claims under the Eleventh Amendment. The district court denied the motion as to Eaves' equitable claims against the Governor. The district court held that the exception to Eleventh Amendment immunity articulated in *Ex parte Young*, 209 U.S. 123 (1908) applied and that the Governor was not immune as to Eaves' claims for equitable relief.

**IV.   IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

Whether the district court erred by denying Governor Polis's motion to dismiss on the grounds of Eleventh Amendment immunity.

**V.     ATTORNEY FILING DOCKETING STATEMENT:**

Name: **Michael Kotlarczyk**_____ Telephone: 720-508-6187

Firm: Colorado Attorney General's Office_____

Email Address: mike.kotlarczyk@coag.gov_____

Address: 1300 Broadway, 6th Floor_____

Denver, CO 80203_____

_____


_/s/ Michael Kotlarczyk_____     5/12/2023_____

Signature                                                                                  Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

### CERTIFICATE OF SERVICE

I, _Michael Kotlarczyk_____, hereby certify that on
       [attorney for appellant/petitioner]

_____May 12, 2023_, I served a copy of the foregoing **Docketing Statement**, to:
       [date]

Rodney Douglas Eaves, #173190_ , at ___Bent County Correctional Facility_____
       [counsel for/or appellee/respondent]

11560 Road FF75, Las Animas, CO 81054-9573, the last known address/email address, by

US First Class Mail.
                        [state method of service]

                                    _/s/ Carmen Van Pelt_____
                                    Signature

                                    May 12, 2023_____
                                    Date

                                    _Michael Kotlarczyk _____
                                    _1300 Broadway, 6th Floor_____
                                    _Denver, CO 80203_____
                                    _____
                                    Full name and address of attorney